```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
STEVEN DOTSON,                :
            Petitioner,       :
                              :   06 Civ. 7823 (BSJ)(DFE)
       v.                     :   Memorandum & Order
                              :
ROBERT ERCOLE,                :
Superintendent, Green Haven   :
Correctional Facility         :
                              :
            Respondent.       :
------------------------------x
```



**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Petitioner Steven Dotson ("Petitioner" or "Dotson") to the Report and Recommendation ("R&R") of Magistrate Judge James C. Francis IV recommending the denial of Dotson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R, overrules Dotson's objections, and DENIES his petition.

## BACKGROUND

Dotson was convicted of burglary, robbery, attempted robbery, assault, and criminal possession of a weapon, on October 16, 2003, following a jury trial in New York State Supreme Court, New York County. Upon his conviction, Dotson was sentenced to fifteen years imprisonment. The Appellate Division affirmed his conviction. See People v. Dotson, 30 A.D.3d 181, 815 N.Y.S.2d 581 (App. Div. 2006).

Dotson filed the instant petition for a Writ of Habeas Corpus on September 28, 2006, alleging: (1) that the prosecution failed to give notice that a witness would provide identification testimony at trial in violation of New York Criminal Procedure Law ("CPL") § 710.30(1); (2) that the trial court erred in denying his motion to dismiss a juror for cause; and (3) that the trial court improperly granted the prosecution's motion under Batson v. Kentucky, 476 U.S. 79 (1986). The Court referred Dotson's habeas petition to Magistrate Judge Francis for a Report and Recommendation, and on July 10, 2007, Magistrate Judge Francis issued a report recommending the denial of Dotson's petition for habeas relief. On July 26, 2007, Dotson filed objections to Magistrate Judge Francis's report.

## LEGAL STANDARD

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's report to which a petitioner has stated an objection. 28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same

arguments set forth in the original petition,' the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

## DISCUSSION[1]

### A. Dotson's Objections

Dotson's objections to Magistrate Judge Francis's report center around the first claim in his habeas petition — that the admission of certain identification testimony at trial violated both New York Criminal Procedure Law ("CPL") § 710.30(1) as well as his constitutional rights to due process and his rights under the Confrontation Clause.[2] Magistrate Judge Francis concluded that Dotson was not entitled to habeas relief on this ground for two reasons: (1) a claim that a trial court violated state law is not cognizable in a federal habeas proceeding; and (2) Petitioner was afforded all of the procedural protections to which he was entitled, including an opportunity for cross-examination. The Court agrees.

---

[1] The Court presumes familiarity with the facts of this case, which are set forth in detail in Magistrate Judge Francis's Report and Recommendation.
[2] Petitioner also appears to assert an objection based on the Ex Post Facto Clause. The Ex Post Facto Clause, however, is not applicable to Petitioner's case and thus does not provide a basis for habeas relief.

3

Dotson contends that admission of certain witness identification testimony violated CPL § 710.30(1), which provides, in relevant part, that:

> Whenever the people intend to offer at a trial . . . testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.

CPL § 710.30(1).  At trial, the judge found that that the witness at issue had not performed an out-of-court pretrial identification for which advance notice should have been served upon Petitioner pursuant to CPL § 710.30(1).  (Tr. at 685-686.)[3] Petitioner contends that the trial court's finding was in error.  A trial court's alleged breach of a state law, however, is not cognizable in a federal habeas proceeding.  As the Supreme Court made clear in Estelle v. McGuire, 502 U.S. 62 (1991), "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Id. at 67-68.  Accordingly, it is not within the province of this Court to re-examine the state trial court's assessment that the witness in question had not performed an out-of-court pretrial identification within the meaning of CPL §

---

[3] "Tr." Refers to the trial transcript.

4

710.30(1). See, e.g., Espinal v. Duncan, No. 00 Civ. 4844, 2000 U.S. Dist. LEXIS 17337, at *8-9 (S.D.N.Y. Dec. 4, 2000) (dismissing habeas claims based on CPL § 710.30).

Even if the admission of the testimony at issue did contravene CPL § 710.30(1), such an admission does not constitute a constitutional violation. The Constitution does not guarantee a right to advance notice of identification testimony.[4] See Aziz v. Warden of Clinton Corr. Facility, No. 92 Civ. 0104, 1992 U.S. Dist. LEXIS 14542, at *31 (S.D.N.Y Sept. 8, 1992) (holding that "[v]iolation of this state right to notification does not rise to the level of a constitutional violation"); see also Roberts v. Scully, 875 F. Supp. 182, 191 (S.D.N.Y. 1995) (violation of CPL § 710.30 does not "reflect a claim of constitutional magnitude," so that any error is not cognizable on a habeas review). Petitioner's argument pursuant to the Confrontation Clause similarly fails. Petitioner was provided the opportunity (and, indeed, took advantage of that opportunity) to cross-examine the witness at issue at trial. (Tr. 703-715.). Accordingly, Petitioner was afforded a full

---

[4] In his objections, Petitioner expresses concern that this Court's inability to consider his claim under CPL § 710.30(1) places New York State law above the U.S. Constitution. Such is not the case. The Due Process Clause of the Fourteenth Amendment provides a criminal defendant with certain rights. It is permissible, however, for states to go beyond the requirements of the Constitution and provide criminal defendants with additional rights, such as the right to notification that a witness will provide identification testimony under CPL § 710.30(1). An alleged violation of such a state-provided right, however, does not provide a basis for relief under the Constitution.

5

opportunity to exercise his rights under the Confrontation Clause and was accorded all of the Due Process protections to which he was entitled.[5]

### B. Dotson's Other Habeas Claims

As to Dotson's remaining two claims, the Court finds Magistrate Judge Francis's R&R thorough, well-reasoned, and free of clear error.

### CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Francis in its entirety and DENIES Dotson's Petition for a Writ of Habeas Corpus. Because Dotson has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith. The Clerk of the Court is directed to close this case.

---

[5] To the extent Petitioner argues that the identification testimony at issue had an effect on the outcome of his trial and thus implicates a constitutional "liberty interest," that argument is similarly without merit. As discussed above, admission of identification testimony without prior notice to the Defendant does not rise to the level of a constitutional violation; the fact that the evidence may be particularly probative is irrelevant.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         June 9, 2009